## United States District Court for the District of Columbia

| | |
|---|---|
| G.T.G. Construction Co., Inc.<br>PO Box 192<br>Hughesville, Maryland 20617<br><br>       Plaintiff<br><br>v.<br><br>GOEL Services, Inc.<br>a Delaware Corporation<br>6201 Dix Street, NE<br>Washington, DC 20019-2880<br><br>   SERVE:<br>   Paul Waters, Esq.<br>   The Waters Law Firm, PLLC<br>   8737 Colesville Road, Suite 308<br>   Silver Spring, MD  20910<br><br>Zurich American Insurance Company<br>a New York Corporation<br>1400 American Lane, Tower 1, 19th Floor<br>Schaumburg, IL 60196<br><br>   SERVE:<br>   CT Corporation System, Registered Agent<br>   1025 Vermont Ave., NW<br>   Washington, DC 20005-3516<br><br>Lagan Virginia, LLC<br>a Delaware Corporation<br>11 S 12th Street<br>P.O. Box 1463<br>Richmond, VA  23218<br><br>   SERVE:<br>   Corporation Service Company, Registered Agent<br>   Bank of America Center, 16th Floor<br>   111 East main Street<br>   Richmond, VA 23219<br><br>       Defendants | Case No. _____ |

# Complaint

For its Complaint, G.T.G. Construction Co., Inc. states as follows:

## Parties

1.      G.T.G. Construction Co., Inc. ("GTG") is a Maryland corporation with its principal place of business at 16611 Eagle Harbor Road, Aquasco, Maryland 20608. At all relevant times, GTG was engaged in the business of providing earth-moving services and equipment.

2.      Upon information and belief, GOEL Services, Inc. ("GOEL") is a Delaware corporation with its principal place of business at 6201 Dix Street, NE, Washington, DC 20019. At all relevant times, GOEL was engaged in business as a subcontractor on construction projects.

3.      Upon information and belief, Zurich American Insurance Company ("Zurich") is a New York corporation with its principal place of business at 1400 American Lane, Tower I, 19th Floor, Schaumburg, Illinois 60196. Among other things, Zurich issues surety bonds in connection with construction projects.

4.      Upon information and belief, Lagan Virginia, LLC ("Lagan") is a Delaware corporation with its principal place of business at 11 S 12th Street, Richmond, Virginia 23218. At all relevant times, Lagan has been in the business of providing services as a general contractor on construction projects.

## Jurisdiction

5.     Jurisdiction is conferred upon this Court by 28 U.S.C. §1332, which provides for original jurisdiction in this Court in all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. GTG is not a citizen of any of the States in which the defendants are citizens.

## Venue

6.     Venue is properly laid in this Court by 28 U.S.C. §1391, which provides for venue in the judicial district where any defendant resides or a substantial part of the events or omissions giving rise to the claim occurred. GOEL has its principal place of business in the District of Columbia.

## Facts

7.     GOEL was a subcontractor to the general contractor, Lagan, on a construction project commonly known as the Runway 1-19 Rehabilitation at Ronald Reagan Washington National Airport (the "Project").

8.     In or about August 2011, GTG submitted a proposal to GOEL under which GTG offered various pieces of earth-moving equipment (with operators) for the Project at specified daily rental rates (the "Proposal", Exhibit A).

9.     GOEL confirmed its acceptance of the rates and charges in the Proposal by issuing a purchase order (number 2439-PO-004) to GTG (the "Purchase Order", Exhibit B), which Purchase Order directed GTG to "[p]rovide equipment and operators for Part C." "Part C" was a portion of the Project. The rates for the equipment listed in the Purchase Order are the same rates listed for those pieces of equipment in the Proposal.

10.     On or about October 3, 2011, at GOEL's request and direction, GTG began excavating and preparing the Project site.

11.     GTG performed its work, as directed by GOEL, on the Project at night. Each day, GOEL directed GTG to provide certain equipment (with operators) for that night's work. Each morning after a night shift, GOEL signed a Job Work Order that recited the equipment GTG provided for the previous night's work and the total charge for the equipment (applying the rates in the Purchase Order). The Proposal, Purchase Order, and Job Work Orders together formed a contract between GTG and GOEL (the "Agreement").

10.     In accordance with the terms of the Agreement, GTG issued daily invoices to GOEL for services rendered by GTG each day.  Each invoice amount was based on the daily Job Work Order signed by GOEL.

12.     Throughout October and for part of November 2011, GOEL paid GTG for the work performed. But beginning with GTG's invoice number 10520 in mid-November 2011, GOEL stopped paying GTG's invoices in part or in full even though GOEL continued directing GTG to provide equipment (with operators) and even though GOEL continued signing Job Work Orders that recited the equipment GTG provided for the previous night's work and the total charge for the equipment.

13.     All of the services provided by GTG on the Project were provided at the request and under the direction of, and were authorized by, GOEL.

14.     In total, GTG billed GOEL $279,354.62 for GTG's excavation work at the Project. GOEL paid GTG only $148,840.36, leaving a principal balance due from GOEL to GTG of $130,514.26.

15.     GOEL has repeatedly promised GTG that GOEL would pay GTG the outstanding balance. Indeed, GOEL promised in writing to pay GTG's invoices when GOEL received payment from Lagan for the services covered by GTG's invoices. Upon information and belief, on or about May 8, 2012, Lagan paid GOEL $154,596.56, which payment covered GTG's services.

16.     GOEL's duty to pay GTG is not conditioned on GOEL's receipt of payment from Lagan or any other person or entity.

17.     GTG has demanded payment of $130,514.26 from GOEL, and GOEL has failed to pay GTG.

18.     To guarantee the prompt and faithful performance of Lagan's payment obligations on the Project, Lagan, as "Contractor", and Zurich, as "Surety", issued payment bond no. PRF09030870 (the "Bond", Exhibit C) to the Metropolitan Washington Airports Authority, as "Owner".

19.     The Bond defines "Claimant", in relevant part, as:

> An individual or entity having a direct contract with the Contractor or with a subcontractor of the Contractor to furnish labor, materials or equipment for use in the performance of the Construction Contract. . . .

20.     GTG is a "Claimant", as that term is defined under the Bond.

21.     GTG submitted a claim under the Bond to Zurich for non-payment by GOEL.

22.     Zurich has failed to pay GTG.

# Count 1
# (Breach of Contract)

23.     All preceding paragraphs are incorporated by reference as if fully set forth herein.

24.     GOEL has breached the Agreement by, among other things, failing and refusing to

pay GTG all moneys due under the Agreement.

25.     As a direct and proximate result of GOEL's breaches of the Agreement, GTG has suffered and continues to suffer damages in the principal amount of at least $130,514.26, plus interest, attorneys' fees, and costs.

26.     GTG has performed its obligations under the Agreement.

27.     All conditions under the Agreement (if any), not otherwise waived or excused, have been satisfied.

28.     GTG has fulfilled all conditions precedent to bringing this action (if any).

Wherefore, G.T.G. Construction Co., Inc. requests judgment in its favor and against GOEL Services, Inc. in the principal sum of $130,514.26, plus pre- and post-judgment interest, costs, and, to the extent permitted, attorneys' fees.

## Count 2
## (Payment Bond)

29.     All preceding paragraphs are incorporated by reference as if fully set forth herein.

30.     Lagan and Zurich issued the Bond for the protection of unpaid Claimants, as that term is defined under the Bond.

31.     GTG is a Claimant.

32.     Under the Bond, Zurich is obligated to pay GTG, as a Claimant, in the event GOEL fails to satisfy its payment obligations to GTG.

33.     GOEL has failed to satisfy its payment obligations to GTG.

34.     Lagan and Zurich are jointly and severally liable under the Bond.

6

35.     As a direct and proximate result of Zurich's refusal to pay, GTG has suffered and continues to suffer damages in the principal amount of not less than $130,514.26, plus pre- and post-judgment interest, attorneys' fees, and costs.

36.     GTG has satisfied all conditions precedent to bringing a claim under the Bond and to recover under the Bond.

Wherefore, G.T.G. Construction Co., Inc. requests judgment in its favor and against Lagan Virginia, LLC and Zurich American Insurance Company, jointly and severally, in the principal sum of $130,514.26, plus pre- and post-judgment interest, costs, and, to the extent permitted, attorneys' fees.

## Count 3
## (Quantum Meruit)

37.     Paragraphs 1-7 are incorporated herein by reference as though fully set forth. The claim asserted in this Count 3 (Quantum Meruit) is stated in the alternative to the claim in Count 1 (Breach of Contract) as against GOEL.

38.     GOEL requested and directed GTG to provide certain excavation equipment and equipment operators and to perform earth-moving work for the Project, which work GTG performed.

39.     At the time GTG performed the work, GTG had a reasonable expectation of being paid by GOEL for its work.

40.     The reasonable value of GTG's work for which it has not received payment is $130,514.26, excluding interest.

41.     To date, despite demands by GTG, GOEL has failed to pay GTG the sum of $130,514.26.

42.     GOEL has been unjustly enriched by at least $130,514.26 (excluding interest) because of GTG's work for which it has not paid.

43.     GTG is due at least $130,514.26 from GOEL under the doctrine of quantum meruit.

44.     GTG has fulfilled all conditions precedent to bringing this action.

Wherefore, G.T.G. Construction Co., Inc. respectfully requests this Court to enter judgment in its favor and against GOEL Services, Inc. in an amount not less than $130,514.26, plus pre- and post- judgment interest, attorneys' fees and costs (as permitted), and GTG requests such other and further relief as this Court deems proper and just.

Respectfully submitted,

**G.T.G. Construction Co., Inc.**
By Counsel


/s/ Eric J. Darden
Eric J. Darden (DC Bar No. 445326)
Daniel K. Felsen (DC Bar No. 438553)
**McManus Darden & Felsen LLP**
1155 Fifteenth Street, N.W.
Suite 810
Washington, D.C. 20005
202-296-9260
202-659-3732 (fax)
edarden@mcmanus-darden.com
dfelsen@mcmanus-darden.com